# Richmond.

## VAUGHAN V. JOHNSON, SERGEANT.

## MORSE V. SAME.

### March 22d, 1883.

1. CONSTITUTION—*Vacancies.*—The general assembly is authorized by the constitution of this state to declare the cases in which any office shall be deemed vacant, and the mode of filling vacancies in office in cases not therein specially provided for. The constitution does not declare the causes for which the office of mayor shall be declared vacant, nor the mode of filling the vacancy, nor his term of office. *Const., article 5, section 22.*

2. LEGISLATURE—*Vacancies.*—The general assembly has declared that the failure of any county, corporation or district officer to qualify before the commencement of his term of office, shall create a vacancy in his office. *Code 1873, ch. 6, sec. 22; Acts 1874-5, ch. 153, sec. 9; Charter of Petersburg, ch. 1, sec. 6; Acts 1874-5, approved March 11th, 1875.* It has also provided, that when the office of mayor becomes vacant, the common council shall elect a qualified person to fill the vacancy. * * * * * *Charter of Petersburg, ch. 2, sec. 5.*

CASE AT BAR.—A was elected mayor of P. for a term ending 1st July, 1882, but because his successor failed to qualify before that day, held over. On February 1st, 1883, J. was elected by the common council to fill the vacancy occasioned by said failure to qualify, and qualified and entered upon the duties of the office. A., however, refused to recognize J. as mayor. To test the question, J. arrested V. and A. arrested M. Both V. and M. applied to this court for writs of *habeas corpus.*

HELD:

    1. A. was entitled to hold and discharge the duties of mayor until the common council elected J., and the latter qualified, when A.'s authority as mayor ceased and J.'s began.

    2. V. must be discharged from custody.

    3. M. must be remanded to custody.

On petition for a writ of *habeas corpus* of Alexander Vaughan, who was arrested in February, 1883, by the order of T. N. Archer, who claimed the right to exercise the functions of mayor of the city of Petersburg, and on petition for a writ of *habeas corpus* of Marx Morse, who was arrested on the same day by the order of T. J. Jarrett, who also, at that time, claimed to be entitled to exercise the functions of such mayor.

The facts and the petitions of the rival claimants for the said office of mayor are fully stated in the opinion of the court.

*C. S. & D. M. Bernard, Jr., Collier & Budd,* and *William J. Robertson,* for Alexander Vaughan.

*Donnan & Hamilton,* for Marx Morse.

LACY, J., delivered the opinion of the court.

The agreed facts of this case are as follows:

In the year 1881, the mayor of the city of Petersburg, who had been elected to the said office for the term commencing the first day of July, 1880, resigned the said office of mayor, and at the regular meeting of the common council of said city, held on the 1st day of January, 1882, F. H. Archer, a qualified person, was duly elected by said council to fill the vacancy in said office, occasioned by the resignation of the former incumbent, and the said Archer having been so elected, at once duly qualified to said office of mayor, and entered upon the discharge of its duties, and continued to discharge the same without question as to his right to do so until the 1st day of February, 1883.

At the regular municipal election, duly held in the city of Petersburg in May, 1882, T. J. Jarratt was duly elected the mayor of said city for the term of office commencing on the 1st day of July, 1882, but failed to qualify to the said office within

the time prescribed by law; said Jarratt having been so elected, and having so failed to qualify to said office, said Archer, who had been elected as herein before stated, continued as aforesaid to discharge the duties of his office as the mayor of said city.

At their regular meeting, duly held on the first day of February, 1883, the common council of said city adopted the following resolution, viz:

*Whereas,* T. J. Jarratt was at the election held in the city of Petersburg on the fourth Thursday in May, 1882, duly elected by the qualified voters of said city, the mayor of said city for the term of two years, commencing on the first day of July, 1882; and whereas, the said Jarratt having been so elected to said office for said term, failed to qualify to said office within the time prescribed by law, and the said office thereby became vacant; and whereas, the duty of electing a qualified person to supply the vacancy has devolved upon the common council, now therefore be it

*Resolved,* That the common council, in pursuance of the authority vested in said body by the charter of said city, do now proceed to the election of a qualified person to supply said vacancy. Said resolution was adopted by a vote of thirteen ayes to eight noes.

The said council then proceeded, acting under said resolution to elect, and elected, so far as legally authorized, said Jarratt, the mayor of said city, for the unexpired term of two years, ending on the first day of July, 1884, by a vote of thirteen for said Jarratt; the remaining eight members of said council present not voting.

Said Jarratt, a qualified person, having been elected by said council mayor as aforesaid, on the same day, February 1st, 1883, duly qualified by taking the oath prescribed by law, on the next day, February 2d, 1883; said Jarratt waited upon said Archer, informed him of his election by said council, as mayor, and

stated that he, Jarratt, claimed at that time, February, 2d, 1883, to be the rightful mayor of said city, and that, thereafter, he intended to exercise the duties of said office of mayor. Thereupon said Archer declined to recognize said Jarratt as such mayor, and claimed that he, said Archer, and not said Jarratt, was then the rightful mayor of said city, and that he, said Archer, was entitled to hold said office of mayor until his successor shall have been duly elected by the qualified voters of said city and duly qualified, or until an actual vacancy in said office should occur. Whereupon, to avoid any unseemly strife incident to any conflict of authority, said Archer and Jarratt agreed that neither of them should attempt to discharge the duties of said office until the 13th day of February, 1883, when they should make up a case for this court, which was done, and is shown by the petitions for writs of *habeas corpus* and the returns thereto, and this court is asked to decide the question on its merits without reference to any technical question involved, whether said Archer or said Jarratt is mayor of the said city of Petersburg.

The petitioner, Marx Morse, a police officer, is held in custody of the sergeant of said city, by order of the said Jarratt, as mayor of the said city of Petersburg, as appears by the return of said office.

The petitioner, Alexander Vaughan, a police officer of said city of Petersburg, is held in custody by the sergeant of the said city, by order of said Archer, as mayor of said city.

And the case is thus brought before this court.

There are two questions to be considered by the court in this case. The first is, Whether the failure of T. J. Jarratt to qualify to his office before the first day of July, 1882, when his term began, created a vacancy in the office? and second, whether the common council of the city of Petersburg were authorized by law to fill this vacancy, if such existed?

The twenty-second section of article five of the constitution of Virginia is as follows:

"The manner of conducting and making returns of elections, of determining contested elections, and of filling vacancies in office, in cases not specially provided for by this constitution, shall be prescribed by law; and the general assembly may declare the cases in which any office shall be deemed vacant, where no provision is made for that purpose in this constitution."

The office of mayor is provided for in other provisions of this constitution, but his term is not fixed; and no provision is made in the constitution for declaring the causes for which the office shall be deemed vacant, nor is there any provision in the constitution for filling a vacancy in this office when such vacancy exists.

The legislature, as authorized by the constitution, has provided for both contingencies.

The legislature has provided that the failure of any county corporation or township officer to qualify and (give bond, where a bond is required,) in the time prescribed by law for the commencement of his term of office, shall create a vacancy in his office. See Code 1873, chapter six, section twenty-two; Acts 1874–'5, chapter 153, section 9; Charter of the city of Petersburg, chapter one, section 6, Acts 1874–'5. Approved March 11th, 1875.

The legislature has also provided the manner of filling such vacancy, and in the case of the office of mayor of a corporation, where his office becomes vacant, the common council is authorized to elect a qualified person to fill the vacancy. Acts 1874–5, charter of the city of Petersburg, chapter two, section 5, which is as follows:

"In case a vacancy shall occur in the office of mayor, the common council shall elect a qualified person to supply the vacancy."

Archer's term had expired on the first day of July, 1882, but under the law he held over until his successor was elected and qualified. Jarratt was elected by the common council to supply the vacancy. Archer, however, claims to be entitled to hold

this office for another full term of two years, although he was not elected by the people to the same, because he is authorized to hold over until his successor has been elected and qualified, and elected, he says, means elected by the people.

The charter of Petersburg provides for elections by the people to fill an office for the full term. To supply a vacancy in any office, the hustings judge is authorized to appoint all the corporation officers except the mayor, and to supply a vacancy in that office the common council is authorized to elect a qualified person. There is nothing unusual in the language employed—it is the same uniformly employed in the law where officers are chosen by the legislature, any common council, or like body. The legislature elects judges and many other officers, and the common council elects to office when so authorized. The judge of the hustings court appoints some of the officers to fill vacancies occurring in office; but the common council elects, and elects to supply the vacancy in the unexpired term of mayor.

The case of *Johnson* v. *Mann, Judge,* decided in this court December 19, 1882, and reheard in this court March 15th, 1883, and reported *supra,* p. 265, passes upon all these questions; and the opinion of Judge Richardson, delivered in said case in this court just one week ago, has so fully reviewed the authorities cited and relied on in this case, that a more extended notice of them is not deemed necessary further than to say that this case turns upon provisions of the constitution and laws of Virginia already cited, so plain and unambiguous that it is not necessary to seek elsewhere for construction of them. It is enough to say, as Judge Richardson well says in the above cited case, "it is enough to reply that it is thus written in the law."

The case cited at bar of the state of Ohio *ex rel. William Adams* v. *Hueston Hopkins,* 10 Ohio State Rep., page 509, is a case which sustains fully the construction we have given to this case, and it will be seen by reference to the Ohio law, that the provision of the law of that state on this point is like our own. In that case the office was that of county treasurer, and the

county commissioners were authorized to fill a vacancy occurring. See Swan's Statutes, 1017, and O. L. 56, p. 105.

The term of office of the mayor is fixed by the first section of chapter two of the charter of the city, at two years. The term for which Archer was chosen having expired, he held over until his successor was elected and qualified. Jarratt was elected on the first day of February, 1883, in the mode prescribed by law, and has duly qualified. Archer has no longer any right to hold the office of mayor, but Jarratt, by virtue of such election and qualification, according to law, is now the mayor of Petersburg, and in accordance with the foregoing views, the petitioner, Vaughan, is discharged from custody, having been committed by a person not legally authorized to do so.

And the petitioner, Morse, is remanded to the custody of the sergeant, in which he is legally held, according to the said sergeant's return herein.

The judgment is as follows:.

This day came again the parties, by their counsel, and the court having maturely considered the petitions, writs of *habeas corpus* and the returns thereon, an agreed statement of facts filed, and the arguments of counsel in these cases, is of opinion, for reasons stated in writing and filed with the papers, that by the failure of T. J. Jarratt, who was duly elected mayor of the city of Petersburg for the term of office beginning on the first day of July, 1882, to qualify within the time prescribed by law, a vacancy was created in the said office of mayor, which the common council of the said city was authorized by law to fill by election of a qualified person; and the said common council having filled the said vacancy in the said office in the mode prescribed by law, by the election of T. J. Jarratt, a qualified person, who thereupon duly qualified to the said office by taking the oath required by law on the first day of February, 1883. The said T. J. Jarratt thus became the lawful mayor of the city of

### Judgment.

Petersburg, and has ever since been, and is yet, such mayor; that he had authority as such to commit the petitioner, Marx Morse, who is therefore lawfully in the custody of the sergeant of the said city, J. A. Johnson, as mentioned in the return of the said sergeant herein; and that F. H. Archer has not been mayor of the said city since the said Jarratt became lawful mayor as aforesaid, and had no authority to issue the warrant of commitment mentioned in the petition of Alex. Vaughan, who is therefore detained without lawful authority.

It is, therefore, ordered that the said Marx Morse be remanded to the custody of the said sergeant, and that the said Alex. Vaughan be discharged from custody.

PETITIONER VAUGHAN DISCHARGED.

PETITIONER MORSE REMANDED TO CUSTODY.